UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50698
Summary Calendar

_____


Dr. Dhiraj Pradhan,

Plaintiff-Appellant,

versus

Texas A&M University System, *Et Al.*,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-98-CV-534)

_____

July 2, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:*

  Dr. Dhiraj Pradhan, a former member of the faculty at
Texas A&M University ("TAMU") who is an Indian-American, brought a
litany  of claims against the University and several of its
officials in connection with his suspension, termination and the
seizure of a University-owned computer on which he had stored
personal data.  The district court granted summary judgment to TAMU
on most of Dr. Pradhan's claims, including those for racial

_____

  * Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination in violation of Title VII and procedural due process violations in connection with his termination. A jury subsequently found that TAMU had neither violated Dr. Pradhan's Fourth Amemndment rights by reclaiming the computer on which he had stored personal intellectual property, nor converted Dr. Pradhan's personal property. Dr. Pradhan now apppeals from both the grant of summary judgment on the Title VII and due process claims and the district court's denial of a new trial on the Fourth Amendment and conversion claims. Having reviewed the briefs and the pertinent portions of the record, we find no reversible error of fact or law and affirm the judgment against Pradham.

## DISCUSSION

Dr. Pradhan first argues that he should have been granted a new trial because the jury's verdict goes against the great weight of the evidence. The denial of a motion for a new trial is reviewed for abuse of discretion, and will be affirmed unless the appellant can make "a clear showing" of "an absolute absence of evidence to support the jury's verdict." Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1046 (5th Cir. 1998). Dr. Pradhan cannot make this "clear showing" because there was ample evidence to support the jury verdict. The district court's denial of Dr. Pradhan's motion for a new trial on his Fourth Amendment and conversion claims is thus affirmed.

2

Dr. Pradhan also argues that the district court erred by granting summary judgment to the various individual defendants on his procedural due process claim because, contrary to the district court's conclusions, he had a property interest in various non-salary "material guarantees" created by his employment contract, and the individual TAMU defendants were not entitled to qualified immunity.[2] We review grants of summary judgment de novo, applying the same standards as the district court. See Nowlin Resolution Trust Corp., 33 F.3d 498, 501-02 (5th Cir. 1994).

Dr. Pradhan's argument on this point fails. Dr. Pradhan has not established a violation of his due process rights, because no Fifth Circuit authority holds that non-salary benefits, like those he claims in teaching graduate students and the use of large amounts of laboratory space, are a "property interest" protected by the due process clause. Moreover, a state official exercising discretionary authority is shielded from personal liability by qualified immunity, unless at the time and under the circumstances all reasonable officials would have realized that their conduct was proscribed by the federal law upon which the suit is founded. See Anderson v. Creighton, 483 U.S. 635, 637-642 (1987); Pierce v. Smith, 117 F.3d 866, 871 (5th Cir. 1997). Dr. Pradhan complains of the procedure accompanying his suspension with pay. Because he has

---

[2]     Dr. Pradhan does not appeal his conversion claim against TAMU itself.

3

failed to establish either the violation of a protected right with respect to non-salary employment benefits, or that a reasonable official would have known that his or her conduct was illegal in suspending Pradham with pay, the district court's grant of summary judgment on this procedural due process claim must be affirmed.

Dr. Pradhan's Title VII hostile work environment claim presents a more complicated question. Dr. Pradhan claimed two violations of Title VII in his Second Amended Complaint, alleging racial discrimination in the 1996 audit and investigation of his activities which ultimately led to his termination (the "employment discrimination" claim), and the existence of a hostile work environment, replete with anti-Indian bigotry, from the time of his hiring in 1991. These two Title VII claims are distinct and separate. Early on in these proceedings, TAMU filed a motion for summary judgment attacking, *inter alia*, Dr. Pradhan's Title VII employment discrimination claim. This motion for summary judgment made no mention of the hostile work environment claim, although TAMU sought judgment on all of appellant's claims. Without specific discussion or citation to any authority regarding the hostile environment claim, however, the district court granted summary judgment as to all "the plaintiff's claims under the Equal Protection Clause, Title VII, and § 1981", evidently including the hostile work environment claim. Dr. Pradhan appeals the implicit adverse judgment on the hostile work environment claim.

4

If the summary judgment ruling alone were on appeal, Pradhan's point would have merit. Unfortunately for him, however, the case went to trial on issues clearly and repeatedly delineated well in advance in the trial court – procedural due process, unreasonable seizure, and conversion. If Dr. Pradhan felt that the court had overlooked his Title VII hostile environment claim, it was his obligation to have the claim decided at trial. A plaintiff may not remain mute in the trial court about one of his claims and complain for the first time on appeal, after both adverse partial summary judgment and a jury verdict, that the claim was overlooked. Dr. Pradhan abandoned his hostile environment claim.

For these reasons, the judgment of the trial court is **AFFIRMED**.